## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| DAVID LANE,<br><br>  Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>  Defendant. | Case No. <u>3:22cv74</u> |

### DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *David Lane v. Monsanto Company*, bearing Case Number CL21005490-00, from the Circuit Court for the City of Richmond, Virginia to this Court. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1.     In this products liability lawsuit, Plaintiff David Lane sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency

repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides caused his cancer — specifically, non-Hodgkin's Lymphoma ("NHL").

2.      This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3.      As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Virginia. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks $7,000,000 in damages.

**Background and Procedural History**

4.      In December 2021, Plaintiff commenced this lawsuit in the Circuit Court for the City of Richmond, Virginia by filing a complaint, captioned *David Lane v. Monsanto Company*, Case Number CL21005490-00 (the "Commonwealth Court Action").

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served in the Commonwealth Court Action are attached collectively as **Exhibit 1.** Plaintiff seeks compensatory and punitive damages based on the allegation that Monsanto's Roundup®-branded herbicides caused his NHL. *See, e.g.*, Complaint ¶¶ 1–2, 95–98.

## Basis For Removal — Diversity Jurisdiction

6.      Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the Commonwealth of Virginia. *See* Complaint ¶ 96.

7.      Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

8.      The Complaint seeks a judgment against Monsanto in the amount of $7,000,000, Complaint, p.35, based on the allegation that Monsanto's Roundup®-branded herbicides caused Plaintiff's cancer (NHL).  Plaintiff thus seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9.      In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

10.     The Circuit Court for the City of Richmond, Virginia is located within the Eastern District of Virginia. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

11.     Monsanto received notice of process on January 14, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of January 14, 2022.

12.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court for the City of Richmond, Virginia and will be promptly served on Plaintiff.

13.     Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in future proceedings.

14.     If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## <u>Conclusion</u>

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: February 4, 2022                    Respectfully submitted,


By:  */s/ Tamara Barago*
Tamara Barago (Virginia Bar No. 80361)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Fax: (202) 682-1639
tbarago@hollingsworthllp.com

***Counsel for Defendant Monsanto Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of February, 2021, the foregoing Notice of Removal was sent by first class mail to the following:

> Drew D. Sarrett
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 626 E. Broad Street, Suite 300
> Richmond, Virginia 23219
>
> Counsel for Plaintiff

> */s/ Tamara Barago*
> Tamara Barago